| | |
|---|---|
| PAUL L. GALE (SBN 65873)<br>Email: pgale@rdblaw.com<br>ROSS, DIXON & BELL, LLP<br>5 Park Plaza, Suite 1200<br>Irvine, California 92614-8529<br>Telephone: (949) 622-2700<br>Fax: (949) 622-2739<br><br>C. JONATHAN BENNER (*pro hac vice*)<br>jonathan.benner@troutmansanders.com<br>MARK E. NAGLE (*pro hac vice*)<br>mark.nagle@troutmansanders.com<br>TROUTMAN SANDERS, LLP<br>401 Ninth Street, NW<br>Washington, DC 20004<br>Tel: 202-274-2950<br><br>ROBERT E. SHANNON (SBN 43691)<br>rshannon@longbeach.gov<br>DOMINIC HOLZHAUS (SBN 130625)<br>dholzhaus@longbeach.gov<br>CITY OF LONG BEACH<br>333 West Ocean Blvd, 11th floor<br>Long Beach, CA 90802<br>Tel: 562-570-2200<br><br>*Attorneys for Long Beach Defendants* | STEVEN S. ROSENTHAL (SBN 109739)<br>Email: srosenthal@kayescholer.com<br>ALAN K. PALMER (*pro hac vice*)<br>Email: apalmer@kayescholer.com<br>DOUGLAS TUCKER (*pro hac vice*)<br>Email: dtucker@kayescholer.com<br>TIFFANY R. MOSELEY (SBN 204800)<br>Email: tmoseley@kayescholer.com<br>BRYANT DELGADILLO (SBN 208361)<br>Email: delgadillo@kayescholer.com<br>KAYE SCHOLER LLP<br>901 Fifteenth Street, NW<br>Washington, DC 20005<br>Tel: 202-682-3500<br><br>ROCKARD J. DELGADILLO (SBN 125465)<br>THOMAS A. RUSEELL (SBN 108607)<br>Email: trussell@portla.org<br>Joy M. Crose (SBN 116011)<br>Email: jcrose@portla.org<br>Simon M. Kann (SBN 197907)<br>Email: skann@portla.org<br>LA CITY ATTORNEY'S OFFICE<br>425 South Palos Verdes Street<br>San Pedro, California 90731<br>Tel: 310-732-3750<br><br>*Attorneys for Los Angeles Defendants* |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AMERICAN TRUCKING ASSOCIATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | Case No. CV 08-04920 CAS (CTx)<br><br>Honorable Christina A. Snyder<br><br>**DEFENDANTS' OPPOSITION TO THE NATIONAL RETAIL FEDERATION MOTION TO PARTICIPATE AS *AMICUS CURIAE***<br><br>Date:      September 8, 2008<br>Time:     10:00 am<br>Place:     Courtroom 5 |

862000 v1

DEFENDANTS' OPPOSITION TO THE NATIONAL RETAIL FEDERATION
MOTION TO PARTICIPATE AS *AMICUS CURIAE*

1   Defendants the City of Los Angeles, the Los Angeles Harbor Department,
2   the Los Angeles Board of Harbor Commissioners, the City of Long Beach, the
3   Long Beach Harbor Department and the Long Beach Board of Harbor
4   Commissioners' (collectively the "Ports") hereby respectfully submit their
5   Opposition to the National Retail Federation's ("NRF") Motion to Participate as
6   *Amicus Curiae* ("Motion"). As the Court is aware, Plaintiff American Trucking
7   Associations' ("ATA") Motion for Preliminary Injunction seeking to enjoin the
8   Ports' Clean Truck Program's ("CTP") concession contracts is set to be heard on
9   Monday, September 8, 2008. The NRF seeks to support the ATA's request for a
10  preliminary injunction. The Ports oppose the NRF's participation at this stage of
11  the case for the following two reasons:

14  **A.  The NRF's brief is untimely and seeks to game the system by**
15  **denying the Ports adequate time to respond to NRF.**
16  It is well-established in the Ninth Circuit that a "motion for leave to file an
17  *amicus curiae* brief . . . should not be granted unless the court 'deems the proffered
18  information timely . . . .'" *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982).
19  Accordingly, NRF's attempts to insert themselves into the preliminary injunction
20  process nearly two weeks after the ATA filed its complaint and moved for a
21  preliminary injunction should not be allowed. As Defendants explained to NRF's
22  counsel, *see* Declaration of Brent Caslin ¶ 3, Ex. B (Steven Rosenthal August 8,
23  2008 email to Jeffrey Clark), the preliminary injunction briefing schedule and brief
24  page limits were established prior to the NRF's seeking Defendants' consent to
25  participate in this case. The Ports made clear to NRF's counsel that there was not
26  enough time or brief length for the Ports to adequately respond to their proposed
27  late-filed *amicus* brief and that, therefore, the Defendants' could not consent to the
28

862000 v1

-1-
DEFENDANTS' OPPOSITION TO THE NATIONAL RETAIL FEDERATION
MOTION TO PARTICIPATE AS *AMICUS CURIAE*

NRF's request. This is even more true today given the brief NRF lodged with the Court.

Under the guise of seeking "to participate in this case as a friend of the Court" and to offer a "unique and distinct perspective," Motion at 4:7; 3:11, the NRF has submitted as exhibits two economic studies of the drayage market at the Ports, neither of which Plaintiff, American Trucking Associations ("ATA") saw fit to raise in its Motion for Preliminary injunction. In addition to the supplementary documentary evidence, the NRF raised a legal argument regarding the "market participant doctrine" the ATA utterly failed to address in its opening papers. Finally, the NRF submitted this additional evidence and legal discussion on August 18, 2008 — two days before the Ports' opposition brief was due on August 20, 2008.

NRF's tactics can only be intended to game the system and to leave the Ports with inadequate time to substantively respond to the issues raised by NRF's papers. NRF's foot-dragging should not be allowed to prejudice defendants at this late stage of the preliminary injunction process. For this reason alone, NRF's Motion should be denied and the brief removed from the case record.

    **B.    The NRF's brief does not contribute anything necessary to the resolution of the pending motion for preliminary injunction.**

In addition to gaming the system, NRF's brief does not contribute anything necessary or relevant to the question of whether a preliminary injunction should issue. As other district courts have observed, *Amicus* "participation at the trial, as opposed to the appellate level, is more the exception than the rule." *Abu-Jamal v. Price*, 1996 U.S. Dist. LEXIS 8597 (W.D. Pa. 1996); *see also Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985) ("[a]t the trial level, where issues of fact as well

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

as law predominate, the aid of *amicus curiae* may be less appropriate than at the appellate level where such participation has become standard procedure."); *News & Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30, 31 (S.D. Fla. 1988) ("acceptance of an . . . *amicus curiae* should be allowed only sparingly"). *Amicus* participation at the preliminary injunction stage is even more exceptional. It is warranted, therefore, only when the party seeking *amicus* status can provide special insights specific to the injunction under consideration. *See O Centro Espirita Beneficente Uniao do Vegetal v. Ashcroft*, 282 F. Supp. 2d 1271, 1274 (D.N.M. 2002) (denying an organization's motion to file an *amicus* brief as untimely and unhelpful in deciding plaintiffs' Motion for Preliminary Injunction).

NRF states that it should be granted permission to participate as *amicus* because of the "unique perspective that the NRF can bring to this litigation as the owners of the beneficial cargo that would bear the brunt of the economic burden of the Concession Plans." This justification presumably explains why NRF submitted exhibits regarding recent downward trends in retail sales. While Defendants do not comment on whether the NRF has stated adequate grounds to participate in this case at the merits stage, or whether evidence of slowing retail sales or other testimony regarding economic burdens borne by retailers is ultimately relevant to the claims in Plaintiff's complaint, it is utterly irrelevant to the questions before the Court at the preliminary injunction stage, namely: (1) is ATA is likely to succeed on the merits of its claims and (2) whether, in balancing the equities, the alleged harms to ATA's members if an injunction does not issue outweighs the harms to the Ports in the event an injunction is issued. Certainly, ATA's counsel alone can speak to the harms alleged by ATA members and, with respect to the consideration of the merits, the NRF lacks the ATA's expertise with respect to the federal statute at issue. The NRF's efforts to participate as *amicus* at this stage of the case should be denied and their brief removed from the record of this case.

1  For the above stated reasons, Defendants respectfully request that National
2  Retailers Federation's Motion to Participate as *Amicus Curiae* de denied.  If the
3  Court grants the Motion, Defendants request leave to file a response within two
4  business days of the order granting the Motion.

7  Dated:   August 22, 2008

Respectfully submitted,

PAUL L. GALE
ROSS, DIXON & BELL, LLP

C. JONATHAN BENNER
MARK E. NAGEL
TROUTMAN SANDERS, LLP

By: /s/
Paul L. Gale

*Attorneys for Long Beach Defendants*

14  Dated:   August 22, 2008

STEVEN R. ROSENTHAL
ALAN K. PALMER
DOUGLAS A. TUCKER
TIFFANY R. MOSELEY
BRYANT DELGADILLO
KAYE SCHOLER LLP

By: [signature]
Steven R. Rosenthal

*Attorney for Los Angeles Defendants*