UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-04920 CAS (CTx) | Date | September 4, 2008 |
|---|---|---|---|
| Title | American Trucking Associations, Inc. v. City of Los Angeles, et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

Not Present                                           Not Present

**Proceedings:** (In Chambers) NATURAL RESOURCES DEFENSE COUNCIL, SIERRA CLUB, AND COALITION FOR CLEAN AIR'S MOTION TO INTERVENE AS DEFENDANTS (filed 07/31/2008)

(In Chambers) NATIONAL RETAIL FEDERATION'S MOTION FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE* (filed 8/18/2008)

The Court finds these motions appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of September 8, 2008, is hereby vacated, and the matter is hereby taken under submission.

**I.    INTRODUCTION**

On July 28, 2008, plaintiff American Trucking Association, Inc. ("ATA") filed a complaint against defendants City of Los Angeles, the Harbor Department of the City of Los Angeles, The Board of Harbor Commissioners of the City of Los Angeles, City of Long Beach, The Harbor Department of the City of Long Beach, and The Board of Harbor Commissioners of the City of Long Beach. The complaint alleges that defendants violated the Supremacy Clause, the Federal Aviation Administration Authorization Act of 1994 ("the FAAA"), and the Commerce Clause in requiring motor carriers who wish to perform drayage services at the Port of Los Angeles and/or the Port of Long Beach ("the Ports") to sign a concession agreement with each respective Port. On July 30, 2008, plaintiffs filed a motion for preliminary injunction on the first and second counts of plaintiff's complaint. On August 20, 2008, defendants filed their opposition. A reply

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-04920 CAS (CTx) | Date | September 4, 2008 |
|---|---|---|---|
| Title | American Trucking Associations, Inc. v. City of Los Angeles, et al. | | |

was filed on August 29, 2008.

On July 31, 2008, proposed intervenors Natural Resources Defense Council, Sierra Club, and Coalition for Clean Air ("proposed intervenors") filed a motion to intervene as defendants in the instant action. On August 20, 2008, proposed intervenors filed an opposition to plaintiff's motion for preliminary injunction. On August 25, 2008, plaintiff filed a notice of non-opposition to proposed intervenors' motion to intervene. A reply was filed on August 29, 2008.

On August 18, 2008, amicus movant National Retail Federation ("NRF") filed a motion for leave to participate as *amicus curiae*. On the same day, NRF also filed an amicus brief in support of plaintiff's motion for preliminary injunction. Defendants filed an opposition on August 22, 2008. A reply was filed on August 25, 2008.

After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II.   DISCUSSION

### A.   MOTION TO INTERVENE

Rule 24(a) provides as follows:

> Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Ninth Circuit has adopted a four-part test for applying Rule 24(a)(2):

> (1) the applicant must timely move to intervene; (2) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-04920 CAS (CTx) | Date | September 4, 2008 |
|---|---|---|---|
| Title | American Trucking Associations, Inc. v. City of Los Angeles, et al. | | |

        applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003). Each of these elements must be demonstrated in order to provide a non-party with a right to intervene. League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997).

      Proposed intervenors' motion to intervene in the instant action is timely, in that it was filed just one day after plaintiff filed its motion for preliminary injunction, before discovery had commenced, and before the Court had made any substantive rulings. Furthermore, proposed intervenors have a significant protectable interest in the subject of the action. First, the interests of proposed intervenors who live near the ports may be affected by this action. Second, proposed intervenors have an interest stemming from prior involvement in efforts to lower the emissions from trucks servicing the Ports. The disposition of the instant action has the potential to impair proposed intervenors' ability to protect those interests. Finally, proposed intervenors may not be adequately represented by existing parties, because defendants may be motivated by interests exclusive to the Ports, which could potentially conflict with the interests of proposed intervenors.

      For the forgoing reasons, the Court GRANTS proposed intervenors' motion to intervene.

### B.    MOTION FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE*

      NRF's amicus brief may be of assistance to the Court in the determination of the substantive issues in this case. Although defendants oppose NRF's motion on the ground that its filing was not timely, in that it did not provide defendants with adequate time to respond in its opposition, any defects in the timeliness of the filing of the brief are outweighed by the brief's probative value.

      For the forgoing reasons, the Court GRANTS NRF's motion for leave to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-04920 CAS (CTx) | Date | September 4, 2008 |
|---|---|---|---|
| Title | American Trucking Associations, Inc. v. City of Los Angeles, et al. | | |

participate as *amicus curiae*.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | CMJ | | |