UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4920 CAS (CTx) | Date | June 23, 2009 |
|---|---|---|---|
| Title | American Trucking Associations, Inc. v. The City of Los Angeles et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS): Los Angeles Defendants' Motion to Set Bond** (filed 5/12/2009)

**I.    INTRODUCTION AND BACKGROUND**

Defendant City of Los Angeles owns and operates the Port of Los Angeles (sometimes referred to herein as "POLA"). Compl. ¶ 12. Defendant City of Long Beach owns and operates the Port of Long Beach (sometimes referred to herein as "POLB"). Compl. ¶ 12. The Port of Los Angeles and the Port of Long Beach ("the Ports") form a single contiguous port area along San Pedro Bay in Los Angeles County. Authority to manage the assets of the ports and craft rules governing port-related activities in each city is vested in defendants Board of Harbor Commissioners of the City of Los Angeles and Board of Harbor Commissioners of the City of Long Beach. Compl. ¶ 8.

On December 7, 2007, the California Air Resources Board adopted rules to limit the emissions from diesel trucks providing drayage services at California ports. Compl. ¶ 26. Around this same time, the Ports developed a Clean Air Action Plan ("CAAP"). Included in the CAAP was the Clean Trucks Program, a multi-faceted program designed to reduce the emissions of trucks providing drayage services to the Ports.

On March 20, 2008, defendant Los Angeles Harbor Board adopted an order which provides that "beginning October 1, 2008, at 8:00 am, no Terminal Operator shall permit access into any Terminal in the Port of Los Angeles to any Drayage Truck unless such Drayage Truck is registered under a Concession from the Port of Los Angeles . . ." Compl. ¶ 19. On February 19, 2008, defendant Long Beach Harbor Board similarly mandated that drayage trucks would be required to hold a Concession agreement with the City of Long Beach in order to enter the Port of Long Beach beginning on October 1,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4920 CAS (CTx) | Date | June 23, 2009 |
|---|---|---|---|
| Title | American Trucking Associations, Inc. v. The City of Los Angeles et al. | | |

2008. Compl. ¶ 22.

  On July 28, 2008, plaintiff American Trucking Associations, Inc. ("ATA") filed the complaint in this action against defendants City of Los Angeles, Harbor Department of the City of Los Angeles, and Board of Harbor Commissioners of the City of Los Angeles (collectively "Los Angeles defendants"), and City of Long Beach, Harbor Department of the City of Long Beach, and Board of Harbor Commissioners of the City of Long Beach (collectively, "Long Beach defendants"). The first and second claims asserted in the complaint allege that the Los Angeles and Long Beach Concession agreements are preempted by the Supremacy Clause of the United States Constitution and the Federal Aviation Administration Authorization Act of 1994 ("the FAAA Act"). The third claim alleges that the Concession agreements are preempted because they place an undue burden on and discriminate against the right of plaintiff motor carriers to engage in interstate commerce.

  On July 30, 2008, ATA moved for a preliminary injunction pursuant to the first and second claims for relief restraining implementation of the Ports' mandatory Concession agreements. On September 9, 2008, this Court denied ATA's motion for a preliminary injunction. See Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 577 F. Supp. 2d 1110 (C.D. Cal. 2008). The Court found that ATA would likely demonstrate that the Concession agreements "related to a price, route, or service" of motor carriers, which would generally render them preempted under the FAAA Act. Id. at 1118; See 49 U.S.C. § 14501(c)(1). However, the Court held that ATA was nevertheless unlikely to succeed on the merits, because the Concession agreements likely fell under the FAAA Act's statutory "safety exception." Id. at 1125; See 49 U.S.C. § 14501(c)(2)(A) (preemption provision "shall not restrict the safety regulatory authority of a State with respect to motor vehicles . . .").[1] The Court also found that ATA had not shown a

---

 [1] The safety exception provides in full that the preemption provision

   shall not restrict the safety regulatory authority of a State with respect to
   motor vehicles, the authority of a State to impose highway route controls or
   limitations based on the size or weight of the motor vehicle or the hazardous
   nature of the cargo, or the authority of a State to regulate motor carriers with
   regard to minimum amounts of financial responsibility relating to insurance

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4920 CAS (CTx) | Date | June 23, 2009 |
|---|---|---|---|
| Title | American Trucking Associations, Inc. v. The City of Los Angeles et al. | | |

likelihood of irreparable harm, and that the balance of the hardships and the public interest weighed in favor of denying the injunction. Id. at 1126-1128. On March 20, 2009, in Am. Trucking Ass'ns Inc. v. City of Los Angeles, 559 F.3d 1046 (9th Cir. 2009) (hereinafter "Am. Trucking") the United States Court of Appeals for the Ninth Circuit reversed the Court's September 9, 2008 order and remanded the case to this Court for further proceedings.

On April 3, 2009, ATA filed a motion on remand for entry of preliminary injunction on counts I and II of the complaint. On April 28, 2009, this Court issued an order granting in part and denying in part ATA's motion, ordering defendants to refrain from implementing and enforcing various provisions of the Concession agreements. Particularly relevant to the instant motion, the Court enjoined Schedule 2, Section 2.1 of the Los Angeles Concession agreement, thereby enjoining POLA from collecting a $2,500 application fee for new concessionaires and an annual fee of $100 per permitted truck. The Court's April 28, 2009 order is currently on appeal in the Ninth Circuit.

On May 12, 2009, the Los Angeles defendants filed a motion to set bond. ATA filed an opposition on May 22, 2009. A reply was filed on June 1, 2009. A hearing was held on June 8, 2009, subsequent to which the Court took the matter under submission. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II.   LEGAL STANDARD**

Federal Rule of Civil Procedure 65(c) provides that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." "Fed. R. Civ. P. 65(c) grants district courts wide discretion in setting the amount of a security bond," and the amount will generally be what the court deems sufficient to cover losses and damages incurred by the party enjoined if it later is determined that the injunction should not have

---

requirements and self-insurance authorization.

49 U.S.C. § 14501(c)(2)(A)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4920 CAS (CTx) | Date | June 23, 2009 |
|---|---|---|---|
| Title | American Trucking Associations, Inc. v. The City of Los Angeles et al. | | |

issued. Walczak v. EPL Prolong, Inc., 198 F.3d 725, 733 (9th Cir. 1999); Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial § 13:200 (The Rutter Group 2009).

      Defendants bear the burden of reasonably estimating "the extent to which they would be damaged if [a] preliminary injunction were improvidently granted." Oakley, Inc. v. Sunglass Hut Int'l, 2001 U.S. Dist. LEXIS 23572 * 35 (C.D. Cal. December 7, 2001) (citing Equifax Services, Inc. v. Hitz, 905 F.2d 1355, 1362 (10th Cir. 1990)). Where a court determines that there is "no realistic likelihood of harm to defendant from enjoining his or her conduct" the court may dispense with the requirement that a bond be posted, or only require a nominal bond. Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003). Likewise, if the balance of hardships "weighs overwhelmingly in favor of the party seeking the injunction," a bond requirement may be waived. Schwarzer et al. §13:196.1, citing Elliot v. Kiesewetter, 98 F. 3d 47, 60 (3d Cir. 1996). Courts may also consider whether a plaintiff has shown a strong likelihood of success on the merits in deciding whether to waive an injunction bond or only require a nominal bond. Schwarzer et al., § 13.197, citing Scherr v. Volpe, 466 F.2d 1027, 1035 (7th Cir. 1972). Furthermore, "requiring nominal bonds is perfectly proper in public interest litigation." Save Our Sonoran, Inc. v. Flowers, 408 F.3d 1113, 1126 (9th Cir. 2005).

**III. DISCUSSION**

      The Los Angeles defendants seek a bond in the amount of $2,058,300 as security for enjoined concession fees, arguing that such relief is mandatory under Fed. R. Civ. P. 65(c). Mot. at 4. To support this argument, Los Angeles defendants submit the declaration of Chris Cannon ("Cannon"), the Clean Trucks Program Manager for POLA. Cannon states that a "conservative estimate of the amount of lost Concession fees for the nine month period ending January 31, 2010 is $2,058,300." Cannon Decl. ¶ 2.[2] Cannon's estimate is based on three components: (1) $1,257,000 in annual truck fees due from 12,570 trucks currently registered in the Drayage Truck Registry ("DTR") that have anniversary dates falling prior to January 31, 2010; (2) an estimate of $230,000 in

---

[2] Los Angeles defendants state that because the matter is set for trial on December 15, 2009, "POLA expects the preliminary injunction will be in place until at least January 31, 2010."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4920 CAS (CTx) | Date | June 23, 2009 |
|---|---|---|---|
| Title | American Trucking Associations, Inc. v. The City of Los Angeles et al. | | |

concession fees from new concessions that are likely to be submitted between now and January 31, 2010; and (3) an estimate of $571,300 in annual truck fees for new trucks added to the DTR between now and January 1, 2010. Cannon Decl. ¶ 5. Los Angeles defendants argue that the $1,257,000 in annual truck fees is "a number certain," because it is calculated based on trucks currently registered, and that the remainder of estimated fees are "conservative." For example, the estimate of the number of new Concession applications was calculated based on the weekly average of new Concession applications, with the three highest weeks removed from the calculation. Cannon Decl. ¶ 6.

Los Angeles defendants further argue that while there is no reason to believe that a bond requirement would in any way hinder ATA in litigating this matter, POLA will suffer real injury if ATA is permitted to proceed without posting a bond. Mot. at 7. POLA argues that "[t]he loss of concession fees during the pendency of the preliminary injunction could jeopardize the long-term viability of programs funded by the fees." Mot. at 7.

ATA, however, argues that bond should not be granted, because Los Angeles defendants have not demonstrated they will be harmed from the enjoined concession fees. Opp'n at 4, citing Jorgensen v. Cassidy, 320 F.3d 906, 919 (9th Cir. 2003) ("[t]he district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct"). ATA first notes that the annual truck fees for existing registered trucks, which comprise over 60 percent of defendants' calculation, will not become due until, at the earliest, September 2009 (the one-year anniversary of the Concession program's initial enrollment period). Mot. at 5. Therefore, even if the preliminary injunction is ultimately lifted in early 2010 after trial, collection of the renewal fees would have only been deferred for approximately four months. Opp'n at 5. Furthermore, ATA argues that nothing will prevent Los Angeles defendants from granting Concessions with the requirement that Los Angeles defendants will collect fees from motor carriers later if the Court allows them to do so. Mot. at 5. Therefore, ATA argues, "a preliminary injunction against collection of the concession fees represents nothing more than a deferral of fee collection during its pendency, not a loss." Opp'n at 5, citing Walczak v. EPL Prolong, Inc., 198 F.3d 725, 734 (9th Cir. 1999) (district court did not abuse its discretion in setting $100,000 bond, rather than $2 million requested, where the enjoined parties could easily avoid potential financial difficulties). ATA further argues that Los Angeles defendants could mitigate the alleged damages by petitioning the Court to permit collection of any fees specifically associated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4920 CAS (CTx) | Date | June 23, 2009 |
|---|---|---|---|
| Title | American Trucking Associations, Inc. v. The City of Los Angeles et al. | | |

with expenses of administering non-enjoined portions of the Concession Agreement.[3] Opp'n at 6. ATA also argues that Los Angeles defendants "offer no factual basis to support their allegations of harm, and rely instead on mere unsupported assertions." Opp'n at 6. Specifically, ATA argues that Los Angeles defendants "offer no analysis concerning how deferral of concession fee collection would materially harm the Clean Trucks Program, and they do not claim that the concession fees are the only source of funding available." Opp'n at 6-7.

In addition, ATA argues that this Court and the Ninth Circuit have already determined that Los Angeles defendants are unlikely to succeed on the merits, and that therefore, Los Angeles defendants' motion for bond should not be granted. Opp'n at 7, citing Pac. Rollforming, LLC v. Trackloc Int'l, LLC, 2007 WL 4181258, *1 (S.D. Cal. 2007) ("a strong likelihood of success on the merits may favor a minimal bond or no bond at all").

Finally, ATA argues that public policy concerns favor denying Los Angeles defendants' motion. ATA argues that because it is a not-for-profit trade association "created to promote and advance the safety, productivity, security and related interests of the trucking industry . . ." and is litigating issues of public concern[,]" a bond should not be required. Opp'n at 9, citing Save Strawberry Canyon v. Dep't of Energy, 2009 WL 723836 (N.D. Cal. 2009) (because defendant is a small non-profit organization that will have difficulty posting a bond, proposed bond requirement would effectively deny access to judicial review).[4] ATA also notes that courts have denied bond requirements where plaintiffs were "pursuing litigation that would vindicate important constitutional rights." Opp'n at 8, quoting Taylor v. Chiang, 2007 WL 1628050, at *4 (E.D. Cal. June 1, 2007) (vacated on other grounds); see also Mercer, Fraser Co. v. County of Humboldt, 2008 WL 4344523, at *2 (N.D. Cal 2008) (the "court finds that the preliminary injunction will

---

[3] Los Angeles defendants respond that "the ATA offers no sound reason why the burden should be on the Port to protect itself by altering its operations, given the straightforward terms of Rule 65(c) to the effect that a preliminary injunction may issue only if an appropriate bond is provided." Reply at 3.

[4] Los Angeles defendants reply that "[g]iven the ATA's very substantial wherewithal and the stakes at issue in this case, the ATA's reliance on its 'not-for-profit' status . . . [is] wholly unpersuasive." Reply at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4920 CAS (CTx) | Date | June 23, 2009 |
|---|---|---|---|
| Title | American Trucking Associations, Inc. v. The City of Los Angeles et al. | | |

require defendant to incur little or no monetary costs and that the injunction is sought to vindicate constitutional rights and the public interest, so no bond or security will be imposed under Fed. R. Civ. Pro. 65(c)"); Doctor John's, Inc. v. City of Sioux City, 305 F.Supp.2d 1022, 1043-44 (N.D. Iowa 2004) ("requiring a bond to issue before enjoining potentially unconstitutional conduct by a governmental entity simply seems inappropriate, because the rights potentially impinged by the governmental entity's actions are of such gravity that protection of those rights should not be contingent upon an ability to pay."

ATA also requests that, if the Court determines that some form of surety is necessary, the Court order, in the place of a bond, the Los Angeles defendants to collect the enjoined Concession fees, and require that the fees be deposited into an escrow account pending a merits ruling. Opp'n at 10. ATA argues that this would avoid "imposing a financial burden on a membership association [ATA] for vindicating the constitutional rights of industry participants generally." Opp'n at 10, citing Burnett v. Rowzee, 2007 WL 2809769, at *9 (C.D. Cal. 2007) (ordering escrow account in lieu of a bond). Los Angeles defendants respond that "such a cumbersome process would require modification of the Court's existing injunction and establishment of payment mechanisms that are not needed here." Reply at 4. Los Angeles defendants argue that Burnett is distinguishable, because in that case, "the funds in question were already in existence and were subject to the Court's jurisdiction." Reply at 4. Los Angeles defendants argue that "Rule 65(c) provides for bonds rather than escrow accounts precisely because bonds are designed to achieve the same purpose in a simpler, more direct fashion." Reply at 4.

The Court concludes that a bond is appropriate in this case. Los Angeles defendants have adequately set forth that they will incur concrete losses and damages as a result of the injunction of the concession fees if it is later determined that the injunction should not have issued. See Walczak v. EPL Prolong, Inc., 198 F.3d 725, 733 (9th Cir. 1999). Furthermore, although ATA is correct that the Court has determined that ATA has a likelihood of success on the merits in this action, this, in itself, is not sufficient to render a bond inappropriate; if it were, a bond would seldom issue after a preliminary injunction was entered. ATA has also failed to demonstrate other special circumstances which would render a bond inappropriate.

However, the Court also determines that Los Angeles defendants' estimate of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4920 CAS (CTx) | Date | June 23, 2009 |
|---|---|---|---|
| Title | American Trucking Associations, Inc. v. The City of Los Angeles et al. | | |

damages is highly speculative, where it is calculated based on the projected number of trucks that will apply for Concessions in the future. Although the Court acknowledges that new Concessions will likely be granted before this matter is resolved, it declines to issue a bond based on these speculative projections. Instead, the Court awards a bond in the amount of $1,257,000, which accounts for the renewal fees that will become due from existing Concessionaires prior to January 31, 2010.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Los Angeles defendants' motion to set bond. The Court hereby orders a bond in the amount of $1,257,000.

IT IS SO ORDERED

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |

cc:   Fiscal