Christopher C. McNatt, Jr. (State Bar #174559)
cmcnatt@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 460
Pasadena, CA 91101
Tel: (626) 795-4700; Fax (626) 795-4790

W. Stephen Cannon (*pro hac vice*)
scannon@constantinecannon.com
Seth D. Greenstein (*pro hac vice*)
sgreenstein@constantinecannon.com
Stephen S. Anderson, Jr. (*pro hac vice*)
tanderson@constantinecannon.com
Richard O. Levine (*pro hac vice*)
rlevine@constantinecannon.com
CONSTANTINE CANNON LLP
1627 Eye Street NW
Washington, D.C. 20006
Tel: (202) 204-3500; Fax: (202) 204-3501

Robert Digges (*pro hac vice*)
rdigges@trucking.org
Chief Counsel, ATA Litigation Center
AMERICAN TRUCKING ASSOCIATIONS, INC.
950 North Glebe Road
Arlington, VA 22203
Tel: (703) 838-1889; Fax (703) 838-1705

Counsel for Plaintiff,
AMERICAN TRUCKING ASSOCIATIONS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERICAN TRUCKING ASSOCIATIONS, INC. <br><br> Plaintiff, <br><br> vs. <br><br> THE CITY OF LOS ANGELES, THE HARBOR DEPARTMENT OF THE CITY OF LOS ANGELES, THE BOARD OF HARBOR COMMISSIONERS OF THE CITY OF LOS ANGELES, THE CITY OF LONG BEACH,  THE HARBOR DEPARTMENT OF THE CITY OF LONG BEACH, and THE BOARD OF HARBOR COMMISSIONERS OF THE CITY OF LONG BEACH, <br><br> Defendants. | Case No. CV 08-04920 CAS (CTx) <br><br> **STIPULATED PROTECTIVE ORDER NOT LIMITED TO DISCOVERY AND FOR CONSIDERATION BY JUDGE CHRISTINA A. SNYDER** <br><br> **Hon. Christina A. Snyder** |

Based on the stipulation of the parties and in recognition of the provisions of Rule 26(c) of the Federal Rules of Civil Procedure which provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances, and where good cause having been shown:

**IT IS HEREBY ORDERED THAT**:

1.    As used herein, "this Litigation" means the above captioned proceeding.

2.    The terms and conditions of this Order shall be applicable to and govern information, documents, and other tangible things produced in response to requests for production, answers to interrogatories, responses to requests for admissions, depositions, and all other discovery taken in this Litigation and collectively referred to as the "Discovery Material."

3.    <u>Definition of "CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY"</u>

Discovery Material may be designated CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY by the producing party to the extent such Discovery Material includes (a) business plans, (b) financial projections or other financial information, (c) customer identities, (d) market surveys, or (e) the following types of information that is exempt from disclosure under the Freedom of Information Act (5 U.S.C. § 552) or the California Public Records Act (California Govt. Code §§ 6250-6276.48): personal privacy information such as personal contact information and social security numbers.  This information, if publicly disseminated, would result in the producing party's competitive disadvantage in the market, as well as the unwarranted invasion of privacy of certain individuals.  The foregoing list is without prejudice to a party seeking protection for additional categories from the Court.

4.   <u>Designation of Discovery Material</u>

(a)   Discovery Material produced or furnished during the course of this Litigation shall be designated as CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY by placing on each page and each thing a designation substantially as follows:  CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY.

(b)   At a deposition in this Litigation in which it is anticipated that the disclosure of Discovery Material that is CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY has or may be sought, a party may (i) designate the entire transcript for confidential treatment by so stating on the record at any time during the deposition; and (ii) within twenty-one (21) days following issuance of the transcript of such a deposition by the court reporting agency, specifically designate information disclosed at such deposition as CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY by notifying all parties by e-mail service that such party has designated portions of the transcript for such treatment and specifically identifying such portions.  To permit sufficient time for review of transcripts for this purpose, all depositions for which a CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY designation was made at the deposition shall be treated as CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY in their entirety until twenty-one (21) days following issuance of the transcript or until such sooner time as the relevant party has identified to the other parties the portions it has designated for confidential treatment.  If after twenty-one (21) days following issuance of the transcript, the relevant party has not served notice (as described above) on all parties of those portions of the transcript for which it is claiming CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY treatment, then no such treatment shall be afforded prospectively to such information, subject to the provisions in Paragraph 7 below.  In the event that any question is asked at a deposition with respect to which any party asserts that the answer requires the disclosure of information that is CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY, such question shall

3

nonetheless be answered by the witness fully and completely (assuming no assertion of privilege and subject to the right to seek additional protections).

(c)     If a receiving party intends to file papers with the Court that would reveal CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY information, that party shall seek leave of court to file those papers under seal, pursuant to Local Rule 79-5.  Prior to or concurrent with seeking leave of court, the party making the filing shall confer with the producing party to determine whether the CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY designation can be withdrawn for the material being filed.  A receiving party shall similarly seek leave of the appropriate court to file under seal any papers that would reveal CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY information submitted as part of any appeal from this Litigation.  The party making the filing shall prepare for filing and for service on persons not entitled to access under this Protective Order a separate copy of any papers filed under seal (including any briefs and/or exhibits thereto) with the CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY information deleted or, if practicable, redacted.

(d)     All Discovery Material, including attorney notes and abstracts, which contains another party's information designated CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY shall be handled as if it were designated pursuant to Paragraph 4(a).

(e)     A producing party's designation of any Discovery Material as CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY shall also render CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY any copies, excerpts, summaries, or other disclosure (including oral) of the substance or contents of such material.

5.    Disclosure and Use of Confidential Information

Discovery Material designated CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY shall be disclosed by the receiving party only to Qualified

Recipients; as such term is defined in Paragraph 6.  All Qualified Recipients shall hold such Discovery Material received from the producing party in confidence and shall not use it for any purpose not related to the Litigation, including any business or other commercial purpose, and shall not disclose it to any person, except as hereinafter provided.   All Discovery Material that has been designated CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

      6.   Definition of "Qualified Recipient"

      For purposes of this Order, "Qualified Recipient" means:

      (a)   Counsel of record for the parties in this Litigation, and the partners, associates, secretaries, paralegals, assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the Litigation, as well as outside copying services, document management services and graphic services, to the extent reasonably necessary;

      (b)   Party representatives, limited to five representatives per party, so long as the receiving party has provided each party representative's name to the producing party;

      (c)   A deponent in this Litigation, during the course of such deponent's deposition or other testimony in this Litigation (but not for purposes of preparing a witnesses to be deposed, unless the material to be disclosed was originally produced by witness' own party or by an affiliate or shows on its face that it was intended to be viewed by the witness);

      (d)   Any outside consultant or expert witness retained by a party or counsel of record who signs an AGREEMENT TO TERMS OF PROTECTIVE ORDER the form of which is attached hereto as Exhibit "A", and his or her partners, employees, secretaries, and assistants, to the extent reasonably necessary.

Executed copies of such agreements shall be maintained by counsel of the party who retained such expert or consultant;

        (e)    Court personnel and any court reporter, videographer, or typist recording or transcribing testimony; and

        (f)    Any other person as agreed by the parties or as ordered by the Court.

    7.    <u>Inadvertent Failure to Designate</u>

        (a)    In the event that a party inadvertently fails to designate any of its Discovery Material CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY pursuant to Paragraph 4, it may later so designate by notifying the receiving parties in writing.  The receiving parties shall take reasonable steps to see that the Discovery Material is thereafter treated in accordance with the designation.

        (b)    No person or party, however, shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

    8.    <u>Challenge to Designation</u>

        Any challenge to whether Discovery Material should be treated as CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY shall be resolved in accordance with the requirements of Local Rule 37.  The burden of proving that the CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY designation is proper shall be upon the producing party.  Until the Court rules on the objecting person's or party's application, any information that has been produced and designated as CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY shall be treated as so designated and subject to the terms of this Order.  A failure of any party to challenge expressly a designation of CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY shall not constitute a waiver of the right to assert at any subsequent time that the same is not CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY or not an appropriate designation for any reason.

9.    Inadvertently Produced Privileged Discovery Material

The inadvertent or unintentional production by a producing party of any privileged or otherwise protected Discovery Material shall not be deemed a waiver or an impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded by the attorney work-product doctrine and the deliberative process privilege.  Upon receiving notice from a producing party that Discovery Material has been inadvertently produced, all such privileged Discovery Material shall be either (1) returned to the producing party within five (5) business days of receipt of such notice or (2) the receiving party shall certify within five (5) business days that all such privileged material was destroyed and/or permanently deleted.  In addition, if the receiving party discovers that the producing party has inadvertently produced privileged Discovery Material, the receiving party shall notify the producing party and either (1) return to the producing party within five (5) business days the privileged Discovery Material or (2) certify within five (5) business days that all such privileged material was destroyed and/or permanently deleted.  This paragraph shall not prejudice the right of any party to challenge a producing party's claim that Discovery Material is privileged on any grounds other than the inadvertent or unintentional production of such information.  Nothing in this Paragraph shall alter any attorney's responsibilities under applicable law or codes of ethics when confronted with inadvertently produced privileged information or documents.

10.   Limitation

This Order shall be without prejudice to any party's right to assert at any time that any Discovery Material is or is not subject to discovery, production, or admissibility on grounds other than confidentiality, and the existence of this Order shall not broaden the scope of discovery, nor modify any relevancy requirement that would otherwise be applicable.

11.   Production by Non-Parties

Any non-party producing Discovery Material or giving testimony in this Litigation pursuant to a subpoena, notice, or request may designate said materials as CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY.  The parties agree that the terms of this Order shall apply to information that third parties produce and designate as CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY.

12.     Compulsory Disclosure to Non-Parties

If any receiving party in this Litigation is subpoenaed or is served with a document request in another action or proceeding and such subpoena or document request seeks Discovery Material that another party in this Litigation has designated CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY, the receiving party shall give written notice to counsel for the party that made such designation, to the extent possible, no less than ten days prior to the deadline for complying with the subpoena or responding to the document demand.  No compulsory disclosure to third parties of Discovery Material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by the Court.

13.     Destruction of Discovery Material

Upon final termination of this action, the receiving parties shall within one hundred eighty (180) days destroy all copies of all Discovery Materials embodying CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY, including all copies of those materials that may have been made, and provide written confirmation to the other party that such destruction has taken place.

14.     The provisions of this Order shall survive the conclusion of this action.  Nothing contained herein shall constitute a waiver of the right to assert any objection to a discovery request; nor shall anything contained herein prevent disclosure beyond the terms of this Order if the producing party consents in writing to such disclosure.

15.     Nothing contained in this Order shall limit the right of a party to disclose its own CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY Discovery Material.

16.     Nothing contained in this Order shall limit the right of a receiving party to distribute internally Discovery Material designated as CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY by the producing party if the Discovery Material so marked originated from that receiving party.

17.     This Order has been entered to facilitate discovery and the production of relevant evidence in this Litigation.  Neither the entry of this Order, nor the designation of any material as CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY, nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

18.     This Order is without prejudice to the right of any person or entity to seek a modification or termination of this Order at any time.

19.     Nothing contained in this Order is to be construed as altering or extending the deadline for the completion of discovery.

20.     Each party and person affected by this Order hereby agrees to the jurisdiction of the United States District Court for the Central District of California for any matter relating to the enforcement of any term or provision herein.

//
//
//
//
//
//
//
//
//

9

21.     If a receiving party intends to use material designated as CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY at trial, that party shall provide the producing party with at least 24-hours notice of its intention, so that the producing can, if necessary, seek leave of the Court to maintain the confidentiality of that material.

Dated: July 6, 2009

UNITED STATES DISTRICT
COURT JUDGE

**APPENDIX A**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERICAN TRUCKING ASSOCIATIONS, INC. | )    Case No. CV 08-04920 CAS (CTx) |
| Plaintiff, | ) |
| vs. | ) |
| THE CITY OF LOS ANGELES, THE HARBOR DEPARTMENT OF THE CITY OF LOS ANGELES, THE BOARD OF HARBOR COMMISSIONERS OF THE CITY OF LOS ANGELES, THE CITY OF LONG BEACH,  THE HARBOR DEPARTMENT OF THE CITY OF LONG BEACH, and THE BOARD OF HARBOR COMMISSIONERS OF THE CITY OF LONG BEACH, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**AGREEMENT TO TERMS OF PROTECTIVE ORDER**

My full name is _____.  I am presently employed by _____ in the position of _____.

I hereby acknowledge that I am to have access to information designated in this litigation as "CONFIDENTIAL – QUALIFIED RECIPIENTS ONLY" for the purpose of _____.  I certify my understanding that such information has been provided to me pursuant to the terms and restrictions of this Protective Order entered June ___, 2009, in the above-captioned litigation, and that I have been given a copy of and have read this Protective Order and agree to be bound by the terms thereof.  I further agree to subject myself to the jurisdiction of the United States District Court for the Central District of California, regarding resolution of any matter pertaining to this Protective Order.

Dated:_____          Signature:_____

          Printed Name: _____