UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4920 CAS (CTx) | Date | August 4, 2009 |
|---|---|---|---|
| Title | American Trucking Associations, Inc. v. The City of Los Angeles et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers:) Plaintiff's Motion for an Order Modifying April 18, 2009 Order on Preliminary Injunction and Vacating Order For Posting of Preliminary Injunction Bond** (filed 7/6/2009)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of August 10, 2009, is hereby vacated, and the matter is hereby taken under submission.

**I.   INTRODUCTION AND BACKGROUND**

Defendant City of Los Angeles owns and operates the Port of Los Angeles (sometimes referred to herein as "POLA"). Compl. ¶ 12. Defendant City of Long Beach owns and operates the Port of Long Beach (sometimes referred to herein as "POLB"). Compl. ¶ 12. The Port of Los Angeles and the Port of Long Beach ("the Ports") form a single contiguous port area along San Pedro Bay in Los Angeles County. Authority to manage the assets of the ports and craft rules governing port-related activities in each city is vested in defendants Board of Harbor Commissioners of the City of Los Angeles and Board of Harbor Commissioners of the City of Long Beach. Compl. ¶ 8.

On December 7, 2007, the California Air Resources Board adopted rules to limit the emissions from diesel trucks providing drayage services at California ports. Compl. ¶ 26. Around this same time, the Ports developed a Clean Air Action Plan ("CAAP"). Included in the CAAP was the Clean Trucks Program, a multi-faceted program designed to reduce the emissions of trucks providing drayage services to the Ports.

On March 20, 2008, defendant Los Angeles Harbor Board adopted an order which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4920 CAS (CTx) | Date | August 4, 2009 |
|---|---|---|---|
| Title | American Trucking Associations, Inc. v. The City of Los Angeles et al. | | |

provides that "beginning October 1, 2008, at 8:00 am, no Terminal Operator shall permit access into any Terminal in the Port of Los Angeles to any Drayage Truck unless such Drayage Truck is registered under a Concession from the Port of Los Angeles . . ." Compl. ¶ 19.  On February 19, 2008, defendant Long Beach Harbor Board similarly mandated that drayage trucks would be required to hold a Concession agreement with the City of Long Beach in order to enter the Port of Long Beach beginning on October 1, 2008.  Compl. ¶ 22.

On July 28, 2008, plaintiff American Trucking Associations, Inc. ("ATA") filed the complaint in this action against defendants City of Los Angeles, Harbor Department of the City of Los Angeles, and Board of Harbor Commissioners of the City of Los Angeles (collectively "Los Angeles defendants"), and City of Long Beach, Harbor Department of the City of Long Beach, and Board of Harbor Commissioners of the City of Long Beach (collectively, "Long Beach defendants").  The first and second claims asserted in the complaint allege that the Los Angeles and Long Beach Concession agreements are preempted by the Supremacy Clause of the United States Constitution and the Federal Aviation Administration Authorization Act of 1994 ("the FAAA Act").  The third claim alleges that the Concession agreements are preempted because they place an undue burden on and discriminate against the right of plaintiff motor carriers to engage in interstate commerce.

On July 30, 2008, ATA moved for a preliminary injunction pursuant to the first and second claims for relief restraining implementation of the Ports' mandatory Concession agreements.  On September 9, 2008, this Court denied ATA's motion for a preliminary injunction.  See Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 577 F. Supp. 2d 1110 (C.D. Cal. 2008).  The Court found that ATA would likely demonstrate that the Concession agreements "related to a price, route, or service" of motor carriers, which would generally render them preempted under the FAAA Act.  Id. at 1118; See 49 U.S.C. § 14501(c)(1).  However, the Court held that ATA was nevertheless unlikely to succeed on the merits, because the Concession agreements likely fell under the FAAA Act's statutory "safety exception."  Id. at 1125; See 49 U.S.C. § 14501(c)(2)(A) (preemption provision "shall not restrict the safety regulatory authority of a State with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4920 CAS (CTx) | Date | August 4, 2009 |
|---|---|---|---|
| Title | American Trucking Associations, Inc. v. The City of Los Angeles et al. | | |

respect to motor vehicles . . .").[1]  The Court also found that ATA had not shown a likelihood of irreparable harm, and that the balance of the hardships and the public interest weighed in favor of denying the injunction.  Id. at 1126-1128.  On March 20, 2009, in Am. Trucking Ass'ns Inc. v. City of Los Angeles, 559 F.3d 1046 (9th Cir. 2009) (hereinafter "Am. Trucking") the United States Court of Appeals for the Ninth Circuit reversed the Court's September 9, 2008 order and remanded the case to this Court for further proceedings.

  On April 3, 2009, ATA filed a motion on remand for entry of preliminary injunction on counts I and II of the complaint.  On April 28, 2009, this Court issued an order granting in part and denying in part ATA's motion, ordering defendants to refrain from implementing and enforcing various provisions of the Concession agreements.  Particularly relevant to the instant motion, the Court enjoined Schedule 2, Section 2.1 of the Los Angeles Concession agreement, thereby enjoining POLA from collecting a $2,500 application fee for new concessionaires and an annual fee of $100 per permitted truck.  On May 14, 2009, the American Trucking Association filed a Notice of Appeal.  The Court's April 28, 2009 order is currently on appeal in the Ninth Circuit.

  On May 12, 2009, the Los Angeles defendants filed a motion to set bond. On June 23, 2009, the Court granted the Los Angeles' defendants' motion to set bond, and ordered a bond in the amount of $1,257,000.

  On July 6, 2009, ATA filed the instant motion for an order modifying the April 28, 2009 order on preliminary injunction and vacating order for posting of preliminary

---

[1] The safety exception provides in full that the preemption provision

> shall not restrict the safety regulatory authority of a State with respect to motor vehicles, the authority of a State to impose highway route controls or limitations based on the size or weight of the motor vehicle or the hazardous nature of the cargo, or the authority of a State to regulate motor carriers with regard to minimum amounts of financial responsibility relating to insurance requirements and self-insurance authorization.

49 U.S.C. § 14501(c)(2)(A)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4920 CAS (CTx) | Date | August 4, 2009 |
|---|---|---|---|
| Title | American Trucking Associations, Inc. v. The City of Los Angeles et al. | | |

injunction bond. On July 27, 2009, the Los Angeles defendants filed a response, stating that they take no position with respect to the relief requested by ATA. ATA filed a reply on July 29, 2009. ATA's motion is currently before the Court.

**II.   DISCUSSION**

ATA states that, while it believes that the Court properly enjoined POLA from collecting per truck fees and concession application fees in its April 28, 2009 order on preliminary injunction, ATA is unable to bear the financial burden of posting a bond in the amount of $1,257,000. Mot. at 4. ATA states that while approximately 850 motor carriers have signed Concession Agreements with POLA, only approximately 3 percent of those motor carriers are ATA members, and that the recession has diminished the funds available to ATA. Mot. at 4-5.

Therefore, ATA moves the Court to dissolve the portion of the April 28, 2009 order enjoining POLA from collecting a $2,500 application fee for new concessionaires and an annual fee of $100 per permitted truck, and to vacate the June 23, 2009 order setting bond. Mot. at 5.

ATA argues that, because it cannot post the bond, the Court has discretion under Fed. R. Civ. P. 60(b)(6) to modify its original order and dissolve the portion of the preliminary injunction that precludes POLA from collecting the subject fees, in order to maintain status quo among the parties. ATA argues that, if the injunction is modified, the Los Angeles defendants will no longer suffer monetary damages due to the injunction on the collection of fees, and therefore, a bond will no longer be required. See Mot. at 6, citing Jorgensen v. Cassidy, 320 F.3d 906, 919 (9th Cir. 2003) (district court may dispense with the security requirement "when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct").

The Court finds granting ATA's motion to be appropriate. First, the Court determines that it is not divested of jurisdiction to modify its preliminary injunction order with regard to the collection of fees, despite the fact that the preliminary injunction order is being appealed to the Ninth Circuit. Under Fed. R. Civ. P. 62(c), "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). "Rule

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4920 CAS (CTx) | Date | August 4, 2009 |
|---|---|---|---|
| Title | American Trucking Associations, Inc. v. The City of Los Angeles et al. | | |

62(c) codifies the 'long established' and narrowly limited right of a trial court to make orders appropriate to preserve the status quo while the case is pending in [an] appellate court." McClatchy Newspapers v. Central Valley Typographical Union No. 46, 686 F.2d 731, 734 (9th Cir. 1982). As ATA argues, modifying the preliminary injunction will preserve the status quo between the parties by protecting the rights of the Los Angeles defendants in the absence of a bond. Second, the Los Angeles defendants do not oppose the motion. Finally, ATA has made a sufficient showing that modifying the preliminary injunction order so as to allow the payment of concession fees and per truck fees to POLA will obviate the need for posting bond.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS ATA's motion for an order modifying the April 18, 2009 order on preliminary injunction and vacating order for posting of preliminary injunction bond. The Court hereby modifies the April 18, 2009 order for preliminary injunction, so as to permit POLA to collect a $2,500 application fee for new concessionaires and an annual fee of $100 per permitted truck. The Court further vacates the June 23, 2009 order ordering a bond.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |