UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4920 CAS (CTx) | Date | October 25, 2010 |
|---|---|---|---|
| Title | AMERICAN TRUCKING ASSOCIATIONS, INC. v. THE CITY OF LOS ANGELES; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Christopher McNatt, Jr. | Steven Rosenthal |
| | Attorneys Present for Defendant-Intervenors: David Pettit Melissa Perrella |

**Proceedings:**     **PLAINTIFF'S MOTION FOR INJUNCTION PENDING APPEAL** (filed 09/24/10)

## I.     INTRODUCTION & BACKGROUND

The facts and procedural history are known to the parties and are set forth in the Court's Findings of Fact and Conclusions of Law dated August 26, 2010.

On September 24, 2010, plaintiff American Trucking Associations, Inc. ("ATA") filed the instant motion to stay the Court's Final Judgment pending appeal.[1]  On October 4, 2010, defendants City of Los Angeles, Harbor Department of the City of Los Angeles, and Board of Harbor Commissioners of the City of Los Angeles (collectively, "POLA") filed an opposition.  Also on October 4, 2010, the NRDC, Sierra Club, and Coalition for Clean Air, Inc. (collectively, "defendant-intervenors") filed an opposition.  After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

On September 10, 2010, the Court entered a Final Judgment in favor of POLA and

---

[1] The Court construes ATA's motion to "stay the Final Judgment" as a motion for entry of an injunction pending appeal pursuant to Federal Rule of Civil Procedure 62(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4920 CAS (CTx) | Date | October 25, 2010 |
|---|---|---|---|
| Title | AMERICAN TRUCKING ASSOCIATIONS, INC. v. THE CITY OF LOS ANGELES; ET AL. | | |

defendant-intervenors, and dissolved the Court's April 28, 2009 preliminary injunction.[2] On September 16, 2010, ATA filed a Notice of Appeal to the United States Court of Appeals for the Ninth Circuit. ATA now moves, pursuant to Federal Rule of Civil Procedure 62(c), for entry of an injunction enjoining certain provisions of the Concession Agreement from becoming effective pending appeal of the Court's Final Judgment to the Ninth Circuit. POLA and defendant-intervenors ask the Court to deny ATA's motion.

**II.   LEGAL STANDARD**

Through Federal Rule of Civil Procedure 62(c), a district court "retains jurisdiction during the pendency of an appeal to act to preserve the status quo." Natural Res. Def. Council, Inc. v. Sw. Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001). In relevant part, Rule 62(c) provides: "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights. . . ." Fed. R. Civ. P. 62(c). Rule 62(c) "does not restore jurisdiction to the district court to adjudicate anew the merits of the case." McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, 686 F.2d 731, 734 (9th Cir. 1982).

In deciding whether to grant an injunction pending appeal, courts apply the standard employed when considering a motion for a preliminary injunction. Tribal Village of Akutan v. Hodel, 859 F.2d 662, 663 (9th Cir. 1988); Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983); accord Humane Soc'y of U.S. v. Gutierrez, 558 F.3d 896, 896 (9th Cir. 2009). The Ninth Circuit summarized the Supreme Court's recent clarification of the standard for granting preliminary injunctions in Winter v. Natural Res. Def. Council, Inc., --- U.S. ----, 129 S. Ct. 365, 374 (2008), as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

---

[2] The April 28, 2009 preliminary injunction enjoined POLA from implementing and enforcing various provisions of the Concession Agreement, including the employee driver provision and the off-street parking provision. See Am. Trucking Ass'ns, Inc. v. City of Los Angeles, No. 08-4920 CAS (CTx), 2009 WL 1160212, at *20–22 (C.D. Cal. Apr. 28, 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4920 CAS (CTx) | Date | October 25, 2010 |
|---|---|---|---|
| Title | AMERICAN TRUCKING ASSOCIATIONS, INC. v. THE CITY OF LOS ANGELES; ET AL. | | |

balance of equities tips in his favor, and that an injunction is in the public interest." <u>Am. Trucking Ass'n, Inc. v. City of Los Angeles</u>, 559 F.3d 1046, 1052 (9th Cir. 2009) (hereinafter "<u>Am. Trucking I</u>"); see also <u>Cal Pharms. Ass'n v. Maxwell-Jolly</u>, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest."[3] <u>Alliance for the Wild Rockies v. Cottrell</u>, --- F.3d ----, 2010 WL 3665149, at *8 (9th Cir. Sept. 22, 2010). A "serious question" is one on which the movant "has a fair chance of success on the merits." <u>Sierra On-Line, Inc. v. Phoenix Software, Inc.</u>, 739 F.2d 1415, 1421 (9th Cir. 1984).

## III.   DISCUSSION

### A.   Success on the Merits/Serious Legal Questions

In its motion, ATA only challenges the Court's ruling on the market participant

---

[3] POLA contends that, in light of <u>Winter</u>, the "serious questions" test, affirmed in <u>Wild Rockies</u>, applies only in the context of preliminary injunctions, and not to motions for injunctions pending appeal. POLA Opp'n at 3–7. The Court disagrees. In <u>Winter</u>, the Supreme Court held that a plaintiff must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction. <u>Winter</u>, 129 S. Ct. at 375–76. The Supreme Court, however, did not extinguish the sliding scale approach entirely. Rather, it addressed only the end of the sliding scale where the weaker factor involves irreparable harm, not the end of the scale where the weaker factor involves the probability of success on the merits. See <u>Winter</u>, 129 S. Ct. at 392 (Ginsburg, J., dissenting) (the "Court has never rejected [the sliding scale] formulation, and I do not believe it does so today."); see also <u>Wild Rockies</u>, 2010 WL 3665149, at *7–8. Thus, nothing in <u>Winter</u> or <u>Wild Rockies</u> suggests that the "serious questions" test is only applicable in the context of preliminary injunctions. Furthermore, in motions for injunctions pending appeal, "the success on the merits factor cannot be rigidly applied, because if it were, an injunction would seldom, if ever, be granted because the district court would have to conclude that it was probably incorrect in its determination on the merits." <u>Protect Our Waters v. Flowers</u>, 377 F. Supp. 2d 882, 884 (E.D. Cal. 2004).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4920 CAS (CTx) | Date | October 25, 2010 |
|---|---|---|---|
| Title | AMERICAN TRUCKING ASSOCIATIONS, INC. v. THE CITY OF LOS ANGELES; ET AL. | | |

doctrine. Mot. at 3. The Court finds that this case presents serious legal questions concerning the market participant doctrine. Although the Court does not doubt the correctness of its own findings and legal conclusions, it recognizes that the interpretation and application of the market participant doctrine in this case present substantial and novel legal questions. Accordingly, the Court finds that the first criterion of Rule 62(c) is satisfied with respect to the employee driver provision and the off-street parking provision — the only two provisions of the Concession Agreement that would be preempted but for the market participant doctrine.[4]

### B.     Irreparable Harm

With respect to the employee driver provision, the Court finds that ATA's members are likely to suffer irreparable harm absent an injunction pending appeal. POLA contends that motor carriers are unlikely to suffer irreparable harm in light of

---

[4] The employee driver provision provides in relevant part:

> Driver Hiring. . . . Concessionaire shall be granted a transition period, as set forth in the schedule below, by which to transition its Concession drivers to 100% Employee Concession drivers by no later than December 31, 2013 ("Transition Period"). . . .

Findings of Fact and Conclusions of Law at 5. The off-street parking provision provides in relevant part:

> Compliance with Truck Routes and Parking Restrictions. Concessionaire shall submit for approval by the Concession Administrator, an off-street parking plan that includes off-street parking location(s) for all Permitted Trucks. Concessionaire shall ensure that all Permitted Trucks are in compliance with on-street parking restrictions by local municipalities. Permitted Trucks not in service shall be staged off public streets and away from residential districts. . . .

Findings of Fact and Conclusions of Law at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4920 CAS (CTx) | Date | October 25, 2010 |
|---|---|---|---|
| Title | AMERICAN TRUCKING ASSOCIATIONS, INC. v. THE CITY OF LOS ANGELES; ET AL. | | |

POLA's revised implementation schedule for the employee driver requirement. POLA's Opp'n at 17–18. Under POLA's revised schedule, motor carriers are required to transition to an all-employee workforce over the course of three years. Declaration of Capt. John Holmes (Holmes Decl.) ¶ 4; Ex. B at 5. Motor carriers must achieve 20% employment by the end of 2011, 66% employment by the end of 2012, and 100% employment by the end of 2013. Id. POLA argues that because it is likely the Ninth Circuit will issue a decision before the end of 2012, ATA must demonstrate how preparing for a 20% employee requirement would irreparably harm its members. POLA's Opp'n at 18. POLA contends that "ATA's arguments at best show that there is a possibility that [motor carriers] will be harmed by the 20 percent employee requirement," and that such a possibility does not warrant injunctive relief. Id. at 19.

As ATA points out, the Ninth Circuit held at the preliminary injunction stage that enforcement of the employee driver provision was likely to cause irreparable harm to motor carriers despite a phase-in period nearly identical to POLA's revised timetable. See Am. Trucking I, 559 F.3d at 1058. The Ninth Circuit observed:

> the fact that the Los Angeles Port Concession Agreement employment provision is scheduled to phase in over a five-year period [is not] of any help. Even then, employment must equal twenty percent by the end of 2009, but, as ATA points out, that does not mean that a motor carrier can simply flip a switch at the end of 2009 and have employees rather than independent contractors. It will, instead, be forced into making substantial changes commencing immediately.

Id.[5] In light of the Ninth Circuit's finding in Am. Trucking I, POLA fails to present any

---

[5] Although the Court finds the Ninth Circuit's reasoning in Am. Trucking I persuasive, it does not believe that it constitutes the law of the case. Generally, a determination as to the four-factor preliminary injunction standard is not binding after trial on the merits. See Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agric., 499 F.3d 1108, 1114 (9th Cir. 2007) ("the district court should abide by 'the general rule' that our decisions at the preliminary injunction phase do not constitute the law of the case."). Furthermore, although appellate court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4920 CAS (CTx) | Date | October 25, 2010 |
|---|---|---|---|
| Title | AMERICAN TRUCKING ASSOCIATIONS, INC. v. THE CITY OF LOS ANGELES; ET AL. | | |

reason why the revised phase-in of the employee driver requirement is unlikely to cause irreparable harm. Indeed, POLA's revised timetable is not measurably different than its initial timetable, which would have phased-in at the 20% level some seventeen months after ATA first moved for a preliminary injunction. Accordingly, the Court finds that ATA's members are likely to suffer irreparable harm unless the employee driver provision is enjoined pending appeal.

The Court finds that motor carriers will suffer irreparable injury during the pendency of the appeal if the off-street parking requirement goes into effect. ATA alleges its members will suffer economic harm in order to comply with the off-street parking requirement. See Mot. at 17 ("compliance with the off-street parking requirement will impose average costs of more than $21,000 per truck. . . ."). Although economic injury alone generally does not support a finding of irreparable injury, ATA's members are likely to suffer some measure of irreparable harm because there is no evidence that motor carriers can recoup their economic losses through a damage award or by some other means.[6] See Reply at 11 (citing Rent-A-Center, Inc. v. Canyon Tele. & Appliance Rental, Inc., 944 F.2d 597, 603 (9th Cir. 1991) ("It is true that economic injury alone does not support a finding of irreparable harm, because such injury can be remedied

---

"conclusions on pure issues of law" in the preliminary injunctive context "are binding," in Am. Trucking I, the Ninth Circuit panel applied the law to the set of facts presented on the limited record then available, thus reflecting a mixed ruling of law and fact. See id.

[6] ATA contends that damages are not an available remedy for Supremacy Clause violations. Mot. at 18 n.9 (citing Bud Antle, Inc. v. Barbosa, 45 F.3d 1261, 1269 (9th Cir. 1994) ("a private party may seek declaratory and injunctive relief against the enforcement of a state statutory scheme on the ground of federal preemption.")). At oral argument, POLA and defendant-intervenors asserted that ATA has failed to provide admissible evidence that motor carriers cannot pass along any increased costs to their customers. This argument, in part, is based on the Court's finding that the employee driver provision and the off-street parking provision affect prices, routes, or services under 49 U.S.C. § 14501(c)(1). See Findings of Fact and Conclusions of Law at 31–32. However, this argument misses the mark because POLA fails to offer any facts or legal argument demonstrating that these costs can, as a matter of law, be passed along to motor carriers' customers.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4920 CAS (CTx) | Date | October 25, 2010 |
|---|---|---|---|
| Title | AMERICAN TRUCKING ASSOCIATIONS, INC. v. THE CITY OF LOS ANGELES; ET AL. | | |

by a damage award.")).

### C. Balance of Equities

With respect to the employee driver provision, in light of the pendency of the appeal and the fact that ATA will be required to undertake preparation for the employee driver provision to take effect, the balance of equities tips in ATA's favor.

For the off-street parking requirement, the balance of equities weighs in favor of POLA. As discussed supra, the only harm the off-street parking requirement poses to motor carriers – whether deemed to be irreparable or not – is economic, and that harm does not appear to be severe. Despite the fact that motor carriers were not required to submit off-street parking plans to POLA while the preliminary injunction was in effect, almost two-thirds of the 980 licensed motor carriers holding POLA concessions submitted such plans. See Holmes Decl. ¶ 7. Conversely, the trial record leaves no doubt that POLA stands to suffer substantial loss of goodwill among local residents and an increased risk of exposure to litigation if the off-street parking requirement is enjoined pending appeal. Delays in the enforcement of the off-street parking requirement are likely to cause serious safety and traffic congestion problems at the Port. POLA has received and continues to receive telephone calls from neighboring residents complaining about "drayage trucks idling and parking on streets, creating safety problems, noise and harmful air pollution from the idling." See Holmes Decl. ¶ 16. Because an injunction of the off-street parking requirement would force POLA to continue to suffer a loss of goodwill among local residents and subject POLA to an increased risk of litigation, the third factor weighs heavily against ATA's motion.

### D. Public Interest

As the Ninth Circuit recognized in Am. Trucking I, "the public interest represented by the Ports . . . must be balanced against the public interest represented in Congress' decision to deregulate the motor carrier industry, and the Constitution's declaration that federal law is to be supreme." Am. Trucking I, 559 F.3d at 1059–60. While both interests are compelling, the burden placed on ATA's members by immediately

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4920 CAS (CTx) | Date | October 25, 2010 |
|---|---|---|---|
| Title | AMERICAN TRUCKING ASSOCIATIONS, INC. v. THE CITY OF LOS ANGELES; ET AL. | | |

complying with the employee driver requirement appears to outweigh the public interest represented by POLA given the pending appeal to the Ninth Circuit. By contrast, the burden imposed by the off-street parking ban is significantly less, and the Court finds that the public interest weighs against ATA's motion at this stage.

## IV. CONCLUSION

The Court concludes that this case presents serious legal questions concerning the market participant doctrine. The Court further concludes that absent an injunction pending appeal, motor carriers are likely to suffer irreparable harm due to the employee driver provision and the off-street parking provision. The Court finds that the balance of equities and public interest tips in ATA's favor with respect to the employee driver provision, but weighs in POLA's favor with regard to the off-street parking provision. Because, with regard to the off-street parking provision, the balance of equities and public interest favor POLA, the Court concludes that an injunction pending appeal is inappropriate for that provision. See Wild Rockies, 2010 WL 3665149, at *8.

In accordance with the foregoing, the Court GRANTS in part and DENIES in part ATA's motion for an injunction pending appeal. Specifically, the Court GRANTS ATA's motion with respect to the employee driver provision and DENIES ATA's motion for all other provisions of the Concession Agreement.

IT IS SO ORDERED.

| | 00 | : | 28 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |